The next case today is Atlas Glass & Mirror, Inc. v. Tri-North Builders, Inc. Appeal Number 201595. Attorney Novins, please introduce yourself for the record and proceed with your argument. Good morning and may it please the court, my name is Jeff Novins and I represent the appellant, Plaintiff Atlas Glass & Mirror. Your Honor, I respectfully request permission to reserve two minutes for rebuttal. You may have one minute. Thank you, Your Honor. Before, Your Honors, for de novo review is the appeal of Defendant Tri-North's renewed motion to dismiss that was filed pursuant to Rule 12b-6 based on the Forum Selection Clause. The appeal is premised on the District Court's failure to apply the appropriate legal standards which should have been applied as this should have been converted to a Rule 56 motion and failed to identify the standards that were relied on in the order. Also based on the fact that when taken in the light, most favorable path was glass. Tri-North was not able to establish that there were no genuine disputes of material fact relative to the existence of this for purposes of that Forum Selection Clause, thereby precluding the court from allowing the dismissal. And that is considering the Forum Selection Clause that it was unenforceable as unreasonable, unjust, unconscionable under the circumstances. That's critical under the circumstances. Most notably, as Chief Justice Berger in the Bremen case noted that it's it cannot be due, the agreement cannot be due to overweening bargaining power. And in this case, that is eminently clear that there was overweening bargaining power exerted by Tri-North and used to, which it abused to obtain the provision which it's now seeking to rely on. Initially, the Tri-North had filed the motion to dismiss, and this is just a little background, it's critical in understanding this, because initially it filed a motion to dismiss under 12b-6, which First Circuit says is okay to do, submitting a subcontract for the installation of one sample window, which was the price of $665. Mr. Nevins, you have a fundamental problem in the case, which is you brought suit, that suit expressly says that the suit is brought based on that particular subcontract. It uses the number of it, it repeatedly refers to it, and now you are trying to present an argument to us that although that was your pleading, and you are judicially stopped as to that, we are to now suddenly decide there was an issue of fact about which contract was at issue here. I understand that if that is the contract at issue, then you are stuck with the forum selection clause, and that you still have why you think the clause was unenforceable, but don't you just have this basic problem about which contract it is? Your Honor, I obviously appreciate all of those issues and concerns, and the issue at the time that this complaint was filed was a lack of information, which was similar to what was existing. You could talk to your own client. You could review all of your client's correspondence. You were the ones who alleged that you were suing on a particular subcontract, so sorry, but that doesn't do it. The only thing I would submit, Your Honor, is that the case law I would refer you to is that Scott v. Commissioner of Internal Revenue Service at 117 F 2nd 36th indicates that those pleadings, which were not verified, signed by counsel, would be judicial admissions unless withdrawn or amended, and that could happen any time up until a trial, essentially. Suppose for a moment we say that's okay and we put that to one side. You still get another problem. The subcontract at issue was the one subcontract 121210024667, right, and then all the later invoices for the rest of the project right on them specified that contract, your client's invoices. Thank you, Your Honor. As Mr. Luebker, president of that, was last noted in his affidavit, which is submitted to clarify, again, obviously it'll be able to be used if it's inconsistent, but to clarify what he did and the process, and I'd suggest that his affidavit was, I took the invoice I had previously and I just completed, filled out the rest following their instructions, essentially. Now, it was his. He did generate it, so I'm not going to question any of the facts regarding that, but the impetus behind it, I think, is important, and I think, Your Honor, Judge Kogada, if you look at appendix one, I'm sorry, 200, page 200 is from Mr. Luebker's affidavit. It's an email he wrote with the first invoice for the project, and he said, we're about to send Tri-North our first billing for payment, and I want to be sure I have included all the information which Tri-North requires. I'm especially unsure of Tri-North's sworn form. I would really appreciate it if you look over our initial group of invoices on the sworn form and let me know if that's acceptable. We don't want any mistakes to hold it up. They had already put in, I don't know how many pages, windows, most of them, and then, in response, at 208, the project manager on the project, who was no longer with Tri-North, and that's probably one of the issues we have in this case, writes to his controller on the project, Tom Luebker, Mr. Luebker's, the vice president from Atlas, has turned in an invoice and asked if he has all his paperwork correct. Can you let me know if they are missing anything? These guys have gone above and beyond, and I don't want a piece of paperwork holding up their payment when it does get approved. So that's the entire context that we're dealing with here, Your Honors. That seems to cut against you. I think I heard what you just say, is your client prepared an invoice that says terms per contract and then identifies the subcontract precisely as the one at issue, and then made sure to show it to the other side to confirm that was good with them, and now you want us to say that this invoice wasn't per that contract. Your Honor, his interpretation is, I just asked them to tell me what they wanted, and I kept on sending it to them. But that confirmed their view that this subcontract was the contract at issue, and it contained the forum clause. Do you want to spend a couple of that it's unenforceable for equitable reasons? Of course, and thank you. And just lastly, if I can just touch on that very briefly. What ultimately is happening here is that the terms of the subcontract are being applied to Atlas Glass without him having a chance to negotiate a contract and the terms, because that subcontract that is relied on was solely for one sample window. It didn't even cover any of the amounts or the other pricing. So, I'd suggest that the merger clause does not supersede that, and that's why it's just not applicable. In fact, they were proceeding on it. There's a good argument. Your client waived all of those objections in the subsequent invoices. I'm giving you a last chance to make an equitable argument. Of course. Your Honor, as I noted, Chief Justice Berger indicated at length in the Bremen case the importance of allowing these forum selection clauses only in those circumstances when there's no overweening bargaining power. And in fact noted the multitude of issues went in depth into that case as to why it was appropriate. It was a neutral site. The parties negotiated the contract. It made sense. It was reasonable. There was all sophisticated parties involved. In fact, and based on that, the federal courts then started applying that principle. It was a little broadened, but still applied. In fact, the state started applying that, Massachusetts, in the Jacobson case in 1995, adopted that principle. And coincidentally, the states also in that 1995 period also started adopting statutes precluding or invalidating such provisions in construction contracts when the projects in their states, contracts for those projects require that the litigation of any claim to be litigated outside of the forum. So I think there's been a pulling back of that principle. And that's what I think the entire context that this case should be viewed in. The Chief Justice Berger's initial principles espoused in Bremen should be applied. And in that case, looking at the facts, which must be considered under the Rule 56 standard, would clearly enable first review of all the documents submitted and establish the overweening bargaining power. If we look at just the contract itself and that dispute provision, Your Honor, Your Honors, there are five or six separate paragraphs, sentences in that one paragraph that are just so antithetical to American jurisprudence. Mr. Novand, it would help us if you could be a little more specific. Could you point us to any case, a commercial contract between two companies in which a court refused to enforce a forum selection clause in the absence of a statute that rendered the clause ineffective? Your Honor, I got to flip to my brief, Your Honor. And if I could do that when I return at rebuttal and use that time, I don't want to take that time right now. But I believe there were a number of cases where there were, and I would like to point those out to you. But I think that Judge Lopezon, a number of cases noted that I'm sorry, I don't have that case in front of me. All right. Apart from that, do you have any reason why, under the circumstances here, there's something particularly egregious about enforcing the clause? Well, Your Honor, that entire dispute provision has requirements that, at Tri-North's option, it can select the actual forum, whether it's arbitration, litigation, a dispute resolution option under the prime contract. And what is inequitable about enforcing that? Within those options, there's also options as to the rules. So there's lack of mutuality there. That's one of the things that Chief Justice Berger commented on is critical. This is such a unilateral throughout the entire agreement, it's unilateral. The rest of that clause... Counsel, I have to say, as I listen to your argument, you seem to be leaving us with the impression that the unconscionability here stems simply from the fact that they're big and we're little. And because of that inequality, it's unconscionable. What more are you arguing other than the disparity in size? That seems to be pretty much what you're arguing. Well, Your Honor, I don't think that that's always going to be the case, however, disparity of size. But in this case, looking at construction contracts, this is beyond the pale. Look at the attorney's fees provision in paragraph 20 on that same page of the contract. Your time has expired. Wrap it up within 30 seconds. Thank you, Your Honor. I think it just is overly abusive and over the top. And in this case, essentially, the company had represented on multiple occasions that that money was owed and now requiring a smaller, well, a very unsophisticated company to have to proceed in Wisconsin, where it, I guess, certainly can if it had to recoup that money. But I think that just to end with Chief Justice Berger's admonition. You have cited Chief Justice Berger about five times. You don't need to end on that. Thank you, counsel. Thank you, Your Honor. Thank you, Attorney Novins. Please mute your device at this time. Attorney Stanley, please introduce yourself on the record for us and proceed. Good morning, Your Honor. It's Michael Stanley on behalf of Appley Tri-North Builders, Inc. This court should affirm the district court's judgment, which dismissed Atlas Glass's complaint for failure to state a claim pursuant to a valid form selection clause for three reasons. First, as Judge Lynch correctly noted, the district court correctly concluded that the subcontract governed the party's relationship. Second, the district court correctly concluded that the the district court correctly concluded that Atlas Glass failed to carry its burden to show that this was an exceptional case where a valid form selection clause should not be enforced. To my first point, Your Honor, the district court, looking at the allegations in the complaint, specifically found that the subcontract governed the party's relationship. And as you noted, the subcontract in its existence is repeatedly alleged in the complaint. At paragraph six, they allege, Atlas Glass alleges it entered into the subcontract. At paragraph seven, Atlas Glass alleges it performed extra work pursuant to the subcontract. Paragraph 17, Atlas Glass alleges that Tri-North paid invoices pursuant to the subcontract. At paragraph 34, it enumerates that Tri-North Builders paid $124,000 for work under the subcontract. Counsel, you know, it would be helpful to hear more about your third point. And in that context, it's far from clear from the papers in front of us why this bill wasn't paid. Is there anything in the record on that? On why the bill wasn't paid? No, Your Honor, we spent the entire litigation below dealing with the enforceability of the subcontract. We didn't reach the merits of why or why not the final invoice was not paid. You know, we originally moved to dismiss the complaint pursuant to 12v6. Judge O'Toole ordered very limited discovery on contract formation, what contract governed the party's dispute, and we did that. Thank you, Counsel. You've answered the question. There's nothing in the record about why there is the underlying dispute over payment of the bill. Aside from the allegations in the complaint, no, it was not. It was not fleshed out in the district court. As a practical matter, you would know this as a lawyer who litigates. That clause is a pretty handy device for basically jerking around smaller companies if you wanted to use it that way. You can make them travel halfway across the country. Your client gets to decide which form or not. There is, at least on a superficial level, something to the – it can be used unconscionably. I agree with you that certain provisions in that contract that are one-sided, Your Honor. But I think when you're enforcing a forum selection clause, you need to look at the clause itself and put aside dispute resolution provisions. I think Judge Torway's decision from the 2017 auto – excuse me – auto red dot case stands for that proposition where he refused to analogize and use arbitration case law to invalidate a forum selection clause. I don't think the dispute provisions apply to the enforceability. Basically, you would have to have – you could have the court in the correct forum decide those issues, but we got to get to that forum first. That analysis focuses on the forum selection clause itself. Here, the forum selection clause is bilateral. It basically says any dispute, whether brought by my client, Tri-North, or by must be brought in Dane County, Wisconsin. I think the Supreme Court's decision in the Carnival Cruise Lines versus Schutz case is important because that creates predictability for my client. My client is entering into contracts throughout the country. It's a general contractor. The predictability of having all litigations in the same forum – I think the Supreme Court in the Carnival Cruise Line case noted reduced cost, predictability. Having everything in one forum allows for a more efficient process to resolve disputes. That is why… Mr. Stanley, if I've heard you correctly, on the assumption the case does end up in the Dane County court, you suggested that the different provisions may be handled separately and assuming they continue to attempt to collect this debt, they also have available to them an argument that the attorney's fees provision itself should not be enforced and that is entirely separate from the forum selection clause. Did I understand that correctly? You're not conceding anything. You're just saying it's a separate issue. Correct, Your Honor. I think those disputes are premature. The court is aware Atlas Glass did file suit while this case was pending in the Western District of Wisconsin. That case has been essentially stayed, dismissed pending the resolution of this appeal. There is a not quote-unquote active litigation, but it's there and it's waiting. I don't know if it will be pursued, but there is a placeholder litigation in place in the Western District of Wisconsin at this point. If I understand you, there's no statute of limitations issue that would bear on the transfer versus dismissal question. There may be earlier claims that are barred. I believe that the case in Wisconsin was filed on the last day the statute of limitations would have run on all claims. There may be some statute of limitations on invoices that were paid versus that weren't paid, but I can't speak to that in great detail, Your Honor. Why shouldn't, as a precaution, the district court have just transferred this case rather than dismissing it? First of all, Atlas Glass never sought transfer before judgment entered. It continuously litigated and took the request, so the issue of transfer was not preserved before judgment entered on the dismissal claim. Only after judgment entered, I think that Tri-North realized that this may be a mistake, I mean, excuse me, that Atlas realized that this may be a mistake and moved for reconsideration seeking transfer. That was the first time that Atlas Glass sought transfer. The problem with that argument, Your Honor, is twofold. First, under this court's Bitcliff precedent, you cannot correct strategic errors in a post-judgment motion under Rule 60 or Rule 59, and probably the more fundamental problem for this court is the denial of the motion for reconsideration is not properly before this court because it was not timely appealed. The notice of appeal in this case entered while that judgment was pending and appealing the judgment, but no notice of appeal or no amended notice of appeal was filed within 30 days of the district court denying the motion for reconsideration, so it's Tri-North's position that that order and the request for transfer is not even properly before this court. If Your Honor does not have any more questions regarding this, you know, I would cede my time. Thank you. Thank you, Attorney Stanley. At this time, you can mute your device, audio and video. Attorney Novins, you have one minute of rebuttal. Please reintroduce yourself on the record. Thank you, Jeff Novins, for the appellant Atlas Glass. To address several of the issues, Your Honor, we've seen that argument in your brief. Do you have anything further to say to us? Yes, with respect to the statute of limitations, Your Honor, and the transfer, I believe that there were, that was filed in Wisconsin. We still believe that the appropriate place would be Massachusetts because there was a delay in, from the filing in early 2008, was it, of this case in 2018 up until the ruling. It took several years to get this matter before the court, so we did. You're blaming the district court for not having filed a precautionary action in Wisconsin? No, no, no, Your Honor. I'm just saying we, when counsel said strategic, we just did it as a precaution. And that... Time has expired. I would simply add that... Thank you. No, Mr. Novins, thank you. Thank you, Your Honors. That concludes argument in this case. Attorney Novins and Attorney Stanley, you should disconnect from the hearing at this time.